**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

OHIO CHAMBER OF COMMERCE, INC. and OHIO CHAMBER OF COMMERCE PAC,

*Plaintiffs,*

v.

FRANK LAROSE, in his official capacity as Secretary of State of Ohio; OHIO ELECTIONS COMMISSION; and CHARLETA B. TAVARES, CHRISTINA M. HAGAN, STEPHEN CARAWAY, SHAYLA L. DAVIS, KARL C. KERSCHNER, ERNEST C. KNIGHT, and JOHN A. LYALL, in their official capacities as members of the Ohio Elections Commission.

*Defendants.*

Case No. 1:24-cv-325-JPH
Judge Jeffery P. Hopkins

**UNOPPOSED MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* AND TO FILE *AMICUS* BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

The Chamber of Commerce of the United States of America (the "Chamber") requests leave to file the attached brief as *amicus curiae* in support of Plaintiffs' Opposition to Defendants' Cross-Motion for Summary Judgment (ECF No. 29). In conformance with Local Civil Rule 7.3(b), the Chamber has conferred with the parties regarding this motion, and all parties are unopposed to the Chamber's participation in this case as *amicus curiae*. Further, no party or their counsel authored any part of this brief or provided any funds for the preparation or submission of the brief. The Chamber submits the following memorandum in support of this Motion and attaches its proposed *amicus* brief as Exhibit 1.

Dated: February 14, 2025

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA
By Counsel

/s/ James A. King

James A. King (0040270)
Trial Attorney
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suites 2800 – 3200
Columbus, Ohio 43215
Telephone: (614) 227-2051
Facsimile: (614) 227-2100
JKing@porterwright.com

Caleb P. Burns (*pro hac vice* forthcoming)
William K. Lane III (*pro hac vice* forthcoming)
Daniel T. Park (*pro hac vice* forthcoming)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
cburns@wiley.law
wlane@wiley.law
dpark@wiley.law

*Counsel for* Amicus Curiae *Chamber of Commerce of the United States of America*

# MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AS *AMICUS CURIAE*

For reasons that follow, the Chamber of Commerce of the United States of America (the "Chamber") requests leave to file the attached brief as *amicus curiae* in support of Plaintiffs' Motion for Summary Judgment (ECF No. 26).

## I. LEGAL STANDARD

The decision to grant leave to appear as *amicus curiae* in a case is committed to the discretion of the court. *Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*, No. 2:20-cv-2035, 2021 WL 12300386, at *1 (S.D. Ohio Jan. 26, 2021) (citing *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991)). While there is no standard governing the grant of leave to file an *amicus* brief, *Planned Parenthood Southwest Ohio Region v. Vanderhoff*, No. 1:15-cv-568, 2023 WL 11926113, at *1 (S.D. Ohio Dec. 4, 2023), *amicus* participation is typically appropriate where "the proffered information of *amicus* is timely, useful, or otherwise necessary to the administration of justice." *Michigan*, 940 F.2d at 165; *Seattle House, LLC v. City of Delaware*, No. 2:20-cv-3284, 2021 WL 3284742, at *7 (S.D. Ohio Aug. 2, 2021). For the reasons stated below, the Chamber and its proposed *amicus* brief meet these criteria.

## II. INTEREST OF *AMICUS CURIAE*

The Chamber of Commerce of the United States of America ("Chamber") is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than 3 million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to advocate on behalf of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community.

The Chamber plays a key role in advancing the First Amendment rights of its members, many of whom are corporations. In that capacity, the Chamber was a party to the *McConnell v. FEC*, 540 U.S. 93 (2003) litigation that challenged the facial constitutionality of an electioneering communication ban on corporate political speech. The Chamber also regularly files *amicus curiae* briefs where the business community's right to political speech and association is at stake. *See, e.g.*, *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595 (2021); *Am. Tradition P'ship, Inc. v. Bullock*, 567 U.S. 516 (2012); *Citizens United v. FEC*, 558 U.S. 310 (2010); *Wis. Right to Life, Inc. v. FEC*, 546 U.S. 410 (2006); *Republican Party of Minn. v. White*, 536 U.S. 765 (2002); *Elections Bd. of Wis. v. Wis. Mfrs. & Com.*, 597 N.W.2d 721 (Wis. 1999); *FEC v. Mass. Citizens for Life, Inc.*, 479 U.S. 238 (1986); Amicus Brief of the Chamber of Commerce of the United States, ECF No. 29, *Dinner Table Action v. Schneider*, No. 1:24-cv-00430, (D. Me. Jan. 27, 2025); Amicus Brief of the Chamber of Commerce of the United States, ECF No. 141, *Minn. Chamber of Com. v. Choi*, No. 0:23-CV-02015, (D. Minn. Aug. 6, 2024). And the Chamber has litigated to preserve its own First Amendment rights of speech and association. *See, e.g.*, *Chamber of Com. of the U.S. v. Moore*, 288 F.3d 187 (5th Cir. 2002); *Chamber of Com. of the U.S. v. FEC*, 69 F.3d 600 (D.C. Cir. 1995).

Many of the cases in which the Chamber has been a party or filed an *amicus curiae* brief have, like the present dispute, concerned laws governing labor organizations and their impact on the First Amendment rights of other associations. *See, e.g.*, *Chamber of Com. of U.S. v. Brown*, 554 U.S. 60 (2008); *Chamber of Com. of U.S. v. Bartolomeo*, No. 3:22-cv-1373 (D. Conn.); Amicus Brief of Chamber of Commerce of United States of America, *Interpipe Contracting, Inc. v. Becerra*, Nos. 18-1065, 18-1092 (S. Ct. 2019); *Chamber of Com. of U.S. v. NLRB*, 118 F. Supp. 3d 171 (D.D.C. 2015). In this respect, the Chamber provides a distinct perspective on the

importance of putting corporations and other associations on the same footing as labor organizations.

Ohio's discriminatory ban on political contributions by corporations impermissibly elevates labor organizations above all others in violation of the Equal Protection Clause and the First Amendment. The Chamber has a strong interest in ensuring that businesses and associations have a fair opportunity to participate in the American political system, as is their constitutional right.

## III. THE CHAMBER'S FIRST AMENDMENT EXPERTISE AND UNIQUE PERSPECTIVE WILL BENEFIT THE COURT

The Chamber's proposed *amicus* brief is useful to the Court. The Chamber has extensive experience representing the constitutional rights of their membership and specifically with regard to their right to political association and expression. *See supra*. This perspective will aid the Court in considering the constitutional interests threatened by Ohio's asymmetric burdening of corporations' political association and expression while favoring those of labor organizations. Also, while Plaintiffs' brief, which seeks injunctive relief, focuses on the specific harms of Ohio's law with respect to their organizations, the Chamber's *amicus* brief addresses the law's broader impact on the First Amendment rights of corporations and other associations.

## IV. CONCLUSION

For the reasons stated, the Chamber requests that the Court (1) grant its request to participate as *amicus curiae* in this case and (2) order that the Clerk of Court file the attached *amicus* brief as a separate docket entry.

Dated: February 14, 2025

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA
By Counsel

/s/ James A. King
James A. King (0040270)
Trial Attorney
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suites 2800 – 3200
Columbus, Ohio 43215
Telephone: (614) 227-2051
Facsimile: (614) 227-2100
JKing@porterwright.com

Caleb P. Burns (*pro hac vice* forthcoming)
William K. Lane III (*pro hac vice* forthcoming)
Daniel T. Park (*pro hac vice* forthcoming)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
cburns@wiley.law
wlane@wiley.law
dpark@wiley.law

*Counsel for* Amicus Curiae *Chamber of Commerce of the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, I electronically filed the above paper with the Clerk of Court using the ECF system, which sends notifications to such filing of all counsel of record.

Dated: February 14, 2025

/s/ James A. King
James A. King