UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OHIO CHAMBER OF COMMERCE,
INC., and OHIO CHAMBER OF
COMMERCE PAC,

    *Plaintiffs,*

        v.

FRANK LAROSE, et al.,

    *Defendants.*

No. 1:24-cv-325-JPH

### Plaintiffs' Notice of Supplemental Authority

The Supreme Court's decision today in *National Republican Senatorial Committee v. FEC* (attached) strongly supports Plaintiffs' claim that Ohio's prohibition on corporate political contributions violates the First Amendment, as relevant to the motions for summary judgment currently before the Court. *See* ECF Nos. 24-1, 27, 28.

*NRSC* strikes down a federal restriction on political-party expenditures made in coordination with candidate campaigns. Op. 2. Recent case law, it explains, abandoned the "watered-down scrutiny" of campaign-finance restrictions applied by older cases in favor of "a stricter form of scrutiny" requiring that a "restriction may not be 'disproportionate' and must be 'necessary' and 'narrowly tailored' to the asserted interest." Op. 23–24. The coordinated-expenditure restriction "rested on an anti-circumvention rationale" that donors could, through contributions to political parties used to fund coordinated expenditures, circumvent base contribution limits and thereby engage in quid pro quo corruption. Op. 13. But "the combination of the base contribution limits *plus* the earmarking rules *plus* the disclosure requirements together serve the Government's anti-circumvention interests." Op. 19. Accordingly, the restriction was "disproportionate" and not "necessary and narrowly tailored" in

1

light of "the other meaningful prophylactic measures available to the Government." Op. 21 (quotation marks omitted).

So too here, with respect to the corporate contribution ban. As Plaintiffs argued, the same "other meaningful prophylactic measures" available to Ohio, Op. 21—base contribution limits, disclosure requirements, and the ability to restrict earmarking of contributions (such as those made to corporations)—serve Ohio's anti-circumvention interest, such that an outright ban is disproportionate, unnecessary, and not narrowly tailored, ECF No. 24-1, at 18–19; ECF No. 29, at 18. Moreover, as *NRSC* recognizes, the "risk of *quid pro quo* corruption" is less "when money flows through independent actors," such as corporations, "to a candidate, as when a donor contributes to a candidate directly." Op. 13 (cleaned up). And *NRSC* requires the Court to place great weight on the fact that 27 states[1] permit corporate contributions to campaigns, with no evidence of ensuing corruption: "When States do not impose a particular campaign-finance restriction, the absence of evidence of resulting *quid pro quo* corruption is a strong sign that the concern is too speculative to support such a restriction…." Op. 19.

By contrast, Defendants' position that the contribution ban is tailored to address corruption rests solely on speculation, without evidentiary support—by their own telling. *See* ECF No. 28, at 11–12 (refusing to present evidence); ECF No. 27, at 15–16 (same); ECF No. 41, at 3–5 (entire section insisting "Actual Evidence of Corruption Is Not Required"). But, as *NRSC* instructs, "in a case involving attempted restrictions on speech, the absence of evidence matters," and "[s]peculation does not suffice." Op. 19. This case involves restrictions on speech. *See, e.g., McCutcheon v. Federal Election Com'n*, 572 U.S. 185, 210 (2014).

---

[1] *See* National Conference of State Legislatures, State Limits on Contributions to Candidates: 2025-2026 Election Cycle, May 2025, https://documents.ncsl.org/wwwncsl/Elections/State-Limits-on-Contributions-to-Candidates-2025-2026.pdf

Ultimately, the Supreme Court "has identified earmarking and disclosure laws as sufficient to prevent circumvention," Op. 24, which is the only justification offered for Ohio's corporate-contribution ban. This Court is therefore constrained to do the same here.

Dated: June 30, 2026

Respectfully submitted,

*/s/ Patrick T. Lewis*
Patrick T. Lewis (0078314)
Baker & Hostetler LLP
Key Tower
127 Public Sq.
Suite 2000
Cleveland, OH 44114
Telephone: (206) 861-7096
plewis@bakerlaw.com

Andrew M. Grossman*
Benjamin D. Janacek*
Baker & Hostetler LLP
1050 Connecticut Ave., N.W.
Suite 1100
Washington, D.C. 20036
Telephone: (202) 861-1697
agrossman@bakerlaw.com
bjanacek@bakerlaw.com

*Attorneys for Plaintiffs*

* Admitted *pro hac vice*

3

**Certificate of Service**

I certify that a true and correct copy of the foregoing has been electronically filed with the Court on June 30, 2026, and was serviced on all counsel of record for the parties via the Court's electronic filing system.

*/s/ Patrick T. Lewis*
Patrick T. Lewis